```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION
```

```
RICARDO JIMINEZ                    :   MOTION TO VACATE
BOP No. 01119-097,                 :   28 U.S.C. § 2255
     Movant,                       :
                                   :   CIVIL ACTION NO.
     v.                            :   1:13-CV-75-CAP-ECS
                                   :
UNITED STATES OF AMERICA,          :   CRIMINAL ACTION NO.
     Respondent.                   :   1:09-CR-454-4-CAP-ECS
```

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on federal inmate Ricardo Jiminez's "Memorandum in Support of Title 28 U.S.C., Section 2255 Motion" [Doc. No. 217] and the government's response [Doc. No. 222]. For the following reasons, the undersigned will recommend that Mr. Jiminez's § 2255 motion be denied and that a certificate of appealability be denied.

In 2009, Mr. Jiminez and others were indicted for serious drug trafficking, money laundering, and firearms crimes. See [Doc. No. 38 (Superseding Indictment)]. In 2010, Mr. Jiminez pled guilty pursuant to a plea agreement to a drug trafficking count and a money laundering count. See [Doc. Nos. 134 (Minute Entry) & 136 (Plea Agreement)]. The Honorable Charles A. Pannell, Jr., sentenced Mr. Jiminez to concurrent 240-month terms of imprisonment, signing the Judgment and Commitment on October 28, 2010. See [Doc. No. 150]. No notice of appeal was filed on Mr.

Jiminez's behalf, and the judgment of conviction became "final" in November 2010.

Mr. Jiminez cooperated with the government, and the government thereafter filed a Rule 35 motion, seeking a reduction of his sentence for substantial assistance. See [Doc. No. 194]; see also Fed. R. Crim. P. 35. After a hearing in January 2012, Judge Pannell granted the motion and reduced Mr. Jiminez's concurrent sentences to 192 months each. See [Doc. No. 195].

Mr. Jiminez has now filed a § 2255 motion in which he contends that he asked his counsel to appeal his sentence when it was imposed in October 2010, and that his counsel provided per se ineffective assistance by failing to do so. See [Doc. No. 217 (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)]. Mr. Jiminez has attached letters that he claims he mailed counsel in December 2010, June 2011, December 2011, and June 2012, inquiring about his appeal. See [id.]. For the sake of discussion, the undersigned has assumed that Mr. Jiminez indeed asked his counsel in October 2010 to file an appeal on his behalf.

"Pro se litigants, like all others, are deemed to know of the one-year statute of limitations" applicable to § 2255 motions. See Outler v. United States, 485 F.3d 1273, 1283 n.4 (11th Cir. 2007). Thus, they are also deemed to know that the limitations period runs from the latest to occur of four specified events, namely:

2

>      (1) the date on which the judgment of conviction becomes final;
>
>      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>      (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mr. Jiminez does not discuss in his § 2255 motion which of these four subsections might apply in his case. But it is clear that subsections (2) and (3) do not apply, and it is equally clear that subsection (4) would, at most, extend the start date for a few weeks beyond the date he was convicted, because the "fact" that Mr. Jiminez's attorney did not file a notice of appeal could have been determined in November 2010 through the exercise of minimal diligence, as it was a matter of public record, ascertainable by calling or writing the Clerk of the Court.

Rather, in this case, as in most others, subsection (1)– "the date on which the judgment of conviction [became] final" is the one that matters. Unlike the typical case, however, an additional question must be answered: did Mr. Jiminez's

3

resentencing pursuant to a Rule 35 motion extend the date on which his judgment of conviction became final?  Unfortunately for Mr. Jiminez, the United States Court of Appeals for the Eleventh Circuit recently considered and clearly decided this question, holding that resentencings pursuant to Rule 35 motions do not restart the § 2255(f)(1) clock.  See Murphy v. United States, 634 F.3d 1303, passim (11th Cir. 2011).

Thus, Mr. Jiminez's judgment of conviction became final in November 2010 when his time for filing a notice of appeal expired. Consequently, the one-year limitations period for filing a § 2255 motion to challenge that judgment of conviction expired in November 2011.  By waiting until December 2013 to file his § 2255 motion, Mr. Jiminez waited more thantwo years too long.[1]

---

[1] Mr. Jiminez does not contend that he is entitled to equitable tolling of the limitations period.  Nor does it appear that he might allege any set of facts that would entitle him to equitable tolling.  In a § 2255 case, "[e]quitable tolling is available if the prisoner demonstrates that (1) he has pursued his rights diligently and (2) an extraordinary circumstance prevented him from timely exercising his rights."  Lucas v. United States, 522 F. App'x 556, 559 (11th Cir. 2013) (citing Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)).  The facts that Mr. Jiminez has alleged – that he wrote a series of letters to his lawyer to inquire about his appeal – would demonstrate neither reasonable diligence, nor an extraordinary circumstance, especially when he could have learned directly from the Clerk of the Court as early as

Accordingly, the undersigned **RECOMMENDS** that Mr. Jiminez's § 2255 motion be **DENIED AS TIME-BARRED**.

In a § 2255 proceeding, this Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." 28 U.S.C. foll. § 2255, Rule 11(a). A § 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a § 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that

---

November 2010 that no notice of appeal had ever been filed on his behalf.

5

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted)).  Mr. Jiminez has not demonstrated that he is entitled to federal habeas relief, that this dismissal on the grounds of untimeliness is incorrect, or that either issue is reasonably debatable.  The undersigned therefore **RECOMMENDS** that a Certificate of Appealability be **DENIED** in this case.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 19th day of February, 2014.

*S/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)