UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICARDO JIMINEZ | CRIMINAL ACTION NO. |
| Movant, | 1:09-CR-0454-4-CAP |
| | CIVIL ACTION NO. |
| v. | 1:13-CV-0075-CAP |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**O R D E R**

This action is before the court on the magistrate judge's report and recommendation ("R&R") [Doc. No. 226] and the movant's objections thereto [Doc. No. 228].

In 2009, the movant was indicted for serious drug, money laundering, and firearms crimes [Doc. No. 38].  In 2010, the movant entered into a negotiated plea agreement [Doc. Nos. 134 and 136] and was sentenced on October 28, 2010.  No appeal was filed,[1] and therefore, the convictions and sentences became final on November 27, 2010.

_____

[1] The movant waived his appeal rights in his plea agreement [Doc. No. 136 at 2].

Pursuant to 28 U.S.C. § 2255(f)(1), any motion to vacate was required to be filed no later than November 26, 2011.  However, the movant submitted the instant petition in January 2013 [Doc. No. 217].

In the R&R, the magistrate judge recommended dismissal because the petition was not timely filed.  Additionally, the magistrate judge considered the fact that on January 6, 2012, the court granted the government's Rule 35 motion to reduce the movant's sentence based upon his cooperation.  However, the magistrate judge cited binding authority that prohibits the use of the re-sentence date for purposes of § 2255(f)(1).  *Murphy v. United States*, 634 F.3d 1303, 1309 (11th Cir. 2011) (holding that a district court's reduction of a term of imprisonment under Rule 35(b) has no impact on the finality of a defendant's judgment of conviction and does not alter the date on which the judgment of conviction becomes final for the purposes of the statute of limitations.)

In his objections, the movant argues that Congress has not determined whether a Rule 35(b) reduction of sentence is a new judgment of conviction for purposes of § 2255(f).  Nevertheless, this court is bound by the Eleventh Circuit's interpretation of the applicable statute.  Therefore, the date of finality of the movant's conviction was November 27, 2010.  As such the

magistrate judge was correct in determining that the instant petition is untimely.

The R&R [Doc. No. 226] is adopted as the order and opinion of this court.  Additionally, as assessed by the magistrate judge, the movant has made no showing of the denial of a constitutional right and is not entitled to a Certificate of Appealability.

SO ORDERED, this 11th day of March, 2014.


/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL JR.
United States District Judge